UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Danielle Nickolas, | ) | CASE NO. 4:10 CV 205 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| Michael J. Astrue, | ) | **Memorandum of Opinion and Order** |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**INTRODUCTION**

This matter is before the Court upon the Report and Recommendation ("R&R") of Magistrate Judge Vernelis K. Armstrong (Doc. 16) recommending that the decision of the Commissioner be AFFIRMED.  Plaintiff filed objections.  For the reasons that follow, the R&R is ACCEPTED and the decision of the Commissioner is AFFIRMED.

**FACTS**

This is a social security appeal.  Plaintiff appeals defendant's denial of her claim for disability insurance benefits and supplemental security income.  Defendant concluded that, while

1

plaintiff suffers from the severe impairments of: back and neck disorders, chronic pain syndrome, fibromyalgia, Raynaud's Syndrome, depression, post-traumatic stress disorder, and obsessive compulsive disorder, plaintiff has the residual functional capacity ("RFC") to perform light work.  Defendant determined that plaintiff could frequently climb ramps and stairs, but would be unable to climb ladders, ropes, or scaffolds.  Plaintiff further could occasionally stoop, kneel, crouch, and crawl but should avoid even moderate exposure to extreme cold.  With regard to mental limitations, defendant concluded that plaintiff has a mild impairment in her ability to maintain attention, concentration, and pace and perform routine tasks.  She also has a mild to moderate impairment in her ability to withstand stress and pressures associated with day-to-day activities.  Based on her RFC, defendant concluded that plaintiff could perform her past relevant work as a salesclerk, a cashier, video editor, and telemarketer.  As such, plaintiff was found to be "not disabled."

The Magistrate Judge recommends affirming defendant's decision.  According to the Magistrate Judge, the decision is supported by substantial evidence.  Plaintiff objects to the R&R and the government filed a response to plaintiff's objections.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 72, which governs the matter herein inasmuch as timely objections have been made to the Report and Recommendation, provides in part:

> **(b) Dispositive Motions and Prisoner Petitions.**
> ...The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule.  The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

As stated in the Advisory Committee Notes, "The term 'de novo' signifies the magistrate's findings are not protected by the clearly erroneous doctrine, but does not indicate that a second evidentiary hearing is required." citing *United States v. Raddatz*, 447 U.S. 667 (1980).

## ANALYSIS

Plaintiff objects to the R&R on three grounds. Each will be addressed in turn.

1. Successor application

In her first ground, plaintiff points out that she was found disabled on a successor application for a period postdating the denial of the application at issue in this appeal. With the exception of pointing to this fact, plaintiff makes no argument as to how the successor application bears on the prior application. As the government points out, the mere fact that a successor application is approved for a later time period, does not mean that defendant improperly denied the initial application. Accordingly, plaintiff's first objection is without merit.

2.  Current medical condition

Plaintiff attaches a handwritten letter describing her current medical condition. Again, there is no argument or analysis provided. Rather, plaintiff simply points out that her current medical condition is attached as an exhibit. As with her first objection, plaintiff fails to articulate how her current medical condition bears on the application at issue here. As such, plaintiff's second objection is without merit.

3.  Treating physician rule

Plaintiff objects that the Magistrate Judge erred in determining that substantial evidence supports defendant's decision. Specifically, plaintiff claims that defendant failed to properly

weigh the opinion of her treating physician, Dr. Sullivan. Dr. Sullivan opined that plaintiff is moderately to extremely limited in her ability to perform work-related activities. According to plaintiff, defendant erred by relying on evaluations predating Dr. Sullivan's examination. In addition, plaintiff claims that Dr. Sullivan is the only "treating" physician and, as such, his opinion must be given deference.

Upon review, the Court finds that the Magistrate Judge correctly concluded that defendant's determination is supported by substantial evidence. Under Sixth Circuit law, the opinion of a treating physician is given controlling weight if such opinion (1) "is well-supported by medically acceptable clinical and laboratory diagnostic techniques" and (2) "is not inconsistent with the other substantial evidence in [the] case record." *Meece v. Barnhart*, 192 F. App'x 456, 560 (6th Cir. 2006) (quoting 20 C.F.R. § 404.1527(d)(2)). In the event the ALJ concludes that the medical opinion is inconsistent with the other substantial evidence, the opinion may be given less than controlling weight, but should not be rejected. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 408 (6th Cir. 2009) (Soc. Sec. Rul. 96-2p). Furthermore, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527 and 416.927." *Id*. In the event the treating physician's opinion is not given controlling weight, the ALJ must determine how much weight is appropriate for the opinion and must consider: (1) the length, frequency, nature, and extent of the treatment relationship; (2) consistency of the physician's conclusions; and (3) any specialization of the treating physician. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007).

As an initial matter, defendant recognized that ordinarily, Dr. Sullivan's opinion is to be afforded controlling weight. In this case, however, defendant afforded Dr. Sullivan's opinion

4

only "little weight." Defendant expressly indicated that Dr. Sullivan's opinion is inconsistent with the opinions of Drs. Brescia and Bartos, both of whom examined plaintiff. Dr. Brescia concluded that plaintiff is only mildly to moderately impaired in her ability to withstand the stress and pressures associated with daily work activity. In addition, Dr. Bartos, who examined plaintiff after a work related injury, concluded that plaintiff is capable of returning to work unrestricted. In addition, Dr. Waddell, a non-examining state agency psychologist, completed a mental residual functional capacity assessment and concluded that plaintiff suffers from no severe mental impairments.

Not only did defendant ALJ properly rely on other medical evidence contained in the record, defendant expressly indicated that he afforded little weight to Dr. Sullivan's opinion because it is inconsistent with the doctor's own treatment notes, as well as plaintiff's own statements. Dr. Sullivan's notes indicate that plaintiff's GAF score ranged from 57 to 68, which indicates only moderate symptoms. Moreover, plaintiff indicated that she worked upwards of 35 hours a week at or near the time of Dr. Sullivan treated plaintiff. Thus, defendant concluded that these factors weigh against affording Dr. Sullivan's opinion controlling weight, as his conclusions regarding plaintiff's limitations are inconsistent with other substantial evidence in the record. Accordingly, plaintiff's objection is not well-taken.

**CONCLUSION**

Having considered the objections and upon review this Court agrees with the determinations of the Magistrate Judge and, therefore, her findings are hereby incorporated by reference as modified herein. The Report and Recommendation is ACCEPTED. The final decision of the Commissioner of Social Security denying plaintiff's application is

5

AFFIRMED.

    IT IS SO ORDERED.

                              /s/ Patricia A. Gaughan
                              PATRICIA A. GAUGHAN
                              United States District Judge

Dated: 3/7/11